## ORVIS C. HINDS *et al.*

*v.*

## JOHN INGHAM.

SURETY — *release* — *waiver of release.* Where the principal maker and the payee of a note, agree, for a valuable consideration, to extend the time of payment of the note, without the knowledge or assent of the surety, a subsequent payment of a part of the note by the surety, and a promise by him to pay the balance, with a knowledge on his part, at the time, of the prior extension, will be a waiver of any defense which he might have made by reason of the extension.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. B. F. PARKS, Judge, presiding.

This was an action of assumpsit instituted in the court below by John Ingham, the appellee, upon the following promissory note :

AURORA, September 19, 1854.

"We jointly promise to pay John Ingham or order, three hundred dollars, on the first day of May next, at ten per cent. interest for money loaned.

(Signed)                    O. C. HINDS.
                            J. A. HINDS.
                            A. H. HINDS, *Surety.*"

On the back of said note were the following indorsements :

1. " Sept. 4th, 1856. Rec'd on the within note two years' interest, sixty dollars."

2. " Rec'd on the within note in full for interest to Sept. 19th, 1858," (followed by the following words, erased by drawing a pen across the same, and marked error, to wit :) " the time of the note extended to that time." "Error."

" AURORA, Oct. 21st, 1857."

3. " Rec'd on the within note $30. January 13th, 1859."

The general issue was pleaded, and by agreement, a jury was waived, and the cause was tried by the court. The note being introduced in evidence, the defendants then called as a witness *John W. Marshall,* who testified as follows : I have

Hinds et al. *v.* Ingham.

seen this note. I put on the indorsement dated October 21, 1857; it is in my handwriting. This indorsement reads as follows : " Rec'd on the within note in full for interest to Sept. 19th, 1858, the time of the note being extended to that time. Aurora, October 21st, 1857." I think I wrote this indorsement at the time of its date. I have an indistinct recollection by whose direction I put on the indorsement. O. C. Hinds and the plaintiff were present. I think they came into my store, and Hinds handed me the note and told me to make the indorsement. I think that the other defendants were not present. Don't know that A. H. Hinds knew that the time on the note was extended. My recollection in the matter is indistinct. The word " error " is not in my handwriting. I did not write the word " error " or make the erasure, on said indorsement. I handed the note to the plaintiff and O. C. Hinds, after I wrote the indorsement, and there was no erasure on at that time. I think O. C. Hinds was solvent at the time I made the indorsement. I think he is not now.

The plaintiff then called *S. S. Ingham*, who testified as follows : I wrote the last indorsement on this note, that is, the one of thirty dollars, dated January 13, 1859. The thirty dollars was paid to me by the defendant, A. H. Hinds, at the time it was indorsed. I wrote this indorsement at the time it was paid. Think I got up from the table and got the note and made this indorsement in the presence of A. H. Hinds. Think I then showed him this indorsement. The reason is, that it is my way of doing business to do so, so that the person may see that it is correct. I do not recollect positively, that I did in this case, but I think I did. I collected the money for my brother, the plaintiff, who was gone to Iowa. He left the note with me to collect. A. H. Hinds and I were neighbors, and I spoke to him frequently about paying the note after that, and he told me the note should be paid. Did not make any objection to it.

The indorsements upon the back of the note were then given in evidence, by the defendants.

The court found the issue for the plaintiff; the defendants

interposed a motion for a new trial, which was overruled, and exception taken; the court rendered a judgment in pursuance of the finding, against all of the makers of the note; from that judgment they took this appeal, and by their assignment of errors, present the question whether the surety in the note was released from his liability thereon, by reason of the extension of the time of payment without his assent.

Messrs. WHEATON & BROWN, for the appellants.

1. An agreement to extend the time of payment, founded on a valuable consideration, made between the maker of the note and the holder, discharges the surety. 26 Ill. 282, 286; Story on Prom. Notes, secs. 413, 414; 1 Gilm. 410.

2. The payment of interest in advance, is such a consideration for the extension, as discharges the surety. 26 Ill. 282, 286.

3. The indorsement on the back of the note in question, made by Marshall, and under the direction of O. C. Hinds and Ingham, the plaintiff, is sufficient evidence of such an extension of the time of payment of the note, as discharges the surety, A. H. Hinds. 27 Ill. 327. This indorsement is as follows : " Rec'd on the within note, in full for interest to Sept. 19, 1858, the time of the note being extended to that time. Aurora, Oct. 21st, 1857."

4. The payment, by the surety, A. H. Hinds, of thirty dollars on the note, subseqhent to his discharge, is no waiver of it, unless it is shown that he knew of such discharge at the time of such payment. Neither will his promise to pay the note subsequent to his discharge waive it, unless he knew of such discharge at the time of such promise. This is the law relative to the waiver of the discharge of the indorser of a note or bill of exchange. See 6 Wend. 658; 5 Johns. 385; 1 Hill (N. Y.) 287; 9 Mass. 408; Serg. & Rawle, 425; 10 Wend. 504; 16 Johns. 152.

5. The law relative to the discharge of an indorser or surety, or to the waiver of such discharge, *is the same.* See Story on Prom. Notes, secs. 413, 414; 26 Ill. 286; 21 Ill. 129.

6. The plaintiff must show clearly that the indorser knew of his discharge, at the time he promised to pay the note. 10 Wend. 507; 16 Johns. R. 152; 6 Wend. 658; *Crain* v. *Colwell*, 8 Johns. R. 384; 4 Mass. R. 341; 7 ib. 449; 8 Pick. R. 1; 12 Johns. R. 423.

Messrs. LELAND & BLANCHARD, and J. G. BARR, for the appellee, insisted that one of several makers of a note, could not, alone, enter into a binding agreement with the payee, to extend the time of payment, and such agreement, therefore, could not operate to release the surety.

But if the law be otherwise, the fact in this case, that the surety, with a full knowledge of the agreement having been made, paid a part of the note, and promised to pay the residue, would constitute a waiver of his release. *Flynn, Ex'r, etc.* v. *Mudd & Hughes et al.*, 27 Ill. 323.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

This is merely a question of evidence. The testimony of the witness, Ingham, was abundantly sufficient to authorize the court to find, that at the time the surety paid the thirty dollars indorsed upon the note, and at the time he promised that the balance should be paid, he saw the indorsements on the back of the note. If he did see these indorsements, then he knew all that we now know in relation to any agreement to extend the time of payment, for there is not a particle of proof of any such agreement, apart from the indorsement. He saw the indorsement which is now relied upon for a defense, and paid a part and promised to pay the balance, with a full knowledge of every fact which he now insists upon for a defense. He thereby waived all defense which such facts would constitute, so that it is not necessary for us now to decide whether the proof shows an agreement to extend the time of payment or not.

The judgment is affirmed. *Judgment affirmed.*